# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Gai Tut Tel<br><br>Date of Original Judgment: 8/5/2021<br>Date of Previous Amended Judgment: | ) <br>) Case No: 3:20-cr-56<br>) <br>) USM No: 55108-074<br>) <br>) <br>) Jonathan Moffatt<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment of 51 months **is reduced to** time served as of February 1, 2024 .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated 8/5/2021 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 1/29/2024

*Judge's signature*

Effective Date: 2/1/2024

KATHERINE A. CRYTZER, United States District Judge
*(if different from order date)*   *Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:20-CR-56-KAC-DCP |
| GAI TUT TEL, | ) ) ) | |
| Defendant. | ) | |

## **ANALYSIS**

This case is before the Court on a "Joint Motion Under Guideline Amendment 821, Part A" [Doc. 50] filed by the United States and Defendant. On August 5, 2021, the Court sentenced Defendant to fifty-one (51) months imprisonment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [Doc. 39]. In their Joint Motion, the Parties ask the Court to reduce Defendant's custodial sentence from fifty-one (51) months imprisonment to time served as of February 1, 2024, under 18 U.S.C. § 3582(c)(2) [*See* Doc. 50 at 3].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

2

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.".

U.S. Sent'g Comm'n, Amendment 821 (2023).

Here, Defendant is eligible for a reduction under Section 4A1.1(e). When initially sentenced, Defendant had a subtotal criminal history score of eleven (11) [Doc. 31 ¶ 48, *sealed]. The then-existing text of Section 4A1.1(d) required that two (2) points be added to that subtotal because he committed the offense while under a criminal justice sentence [*Id.* ¶ 49]. This resulted in a criminal history category of six (VI). Based on a total offense level of seventeen (17) and a criminal history category of six (VI), Defendant's previous advisory guideline range was fifty-one (51) to sixty-three (63) months imprisonment [*Id.* ¶ 68]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would receive only one

3

additional point for committing the offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e).  Therefore, his criminal history score would be twelve (12), resulting in a criminal history category of five (V) and an amended guideline range of forty-six (46) to fifty-seven (57) months imprisonment [*See id.* ¶¶ 38-40, 60].

The relevant Section 3553(a) factors also support a reduction to time served as of February 1, 2024.  To date, Defendant has "completed sixty-four (64) hours of educational or vocational programming" and has "incurred only one minor disciplinary sanction" while in custody [Doc. 50 at 3].  *See* 18 U.S.C. § 3553(a)(1).  And while Defendant's criminal history is lengthy, Defendant still must serve three (3) years of supervised release, which will provide adequate deterrence and protect the public [Doc. 39 at 3].  *See* 18 U.S.C. §§ 3553(a)(2), (c).  The "kinds of sentence and sentencing range established" and the pertinent Sentencing Commission policy statements also favor the reduction.  *See id.* § 3553(a)(4)-(5).